# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| JAMILA RUSSELL, INDIVIDUALLY AND ON BEHALF OF LAURITZ THOMPSON III, A MINOR, AND SHASHAMANI SMITH, HIS MINOR BROTHER,<br><br>     Plaintiffs,<br><br>v.<br><br>SUPERIOR COURT MARSHAL CHRISTOPHER RICHARDSON, IN HIS INDIVIDUAL AND IN HIS OFFICIAL CAPACITY, GOVERNMENT OF THE VIRGIN ISLANDS AND SUPERIOR COURT OF THE VIRGIN ISLANDS,<br><br>     Defendants. | Civil Action No. 2015-0049 |

**Attorneys:**
**Yvette D. Ross-Edwards, Esq.,**
St. Croix, U.S.V.I.
  *For Plaintiffs*

**Erika Marie Scott, Esq.,**
St. Croix, U.S.V.I.
  *For Defendant Government of the Virgin Islands*

**Paul L. Gimenez, Esq.,**
St. Thomas, U.S.V.I.
  *For Defendants Superior Court of the Virgin Islands and Christopher Richardson*

# ORDER

THIS MATTER comes before the Court on Plaintiffs' "Motion for Extension of Time *Nunc Pro Tunc* to Respond to Defendant Richardson's Motion to Dismiss" (Dkt. No. 71); Defendant Richardson's Opposition thereto (Dkt. No. 73); and Plaintiffs' Reply (Dkt. No. 75). Plaintiffs state that they "inadvertently failed to address Defendant Richardson's Motion to Dismiss Plaintiffs' First Amended Complaint" and request that the Court accept their response thereto, filed contemporaneously with their Motion. (*Id*.) For the reasons stated below, the Court will grant

Plaintiffs' Motion.

In the instant motion, counsel for Plaintiffs states that her untimely filing of her response to Defendant Richardson's Motion to Dismiss Plaintiffs' First Amended Complaint was the result of "an oversight on [the part of Plaintiffs' counsel] and was not done for any dilatory purpose." (Dkt. No. 71 at 2). Rather, Plaintiffs' counsel avers that the response was timely drafted, but was not filed due to "oversight." (Dkt. No. 75 at 3-4).

Pursuant to Rule 6 of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is a broad inquiry and 'determining whether neglect is excusable is an 'equitable' determination that 'takes account of all relevant circumstances surrounding the party's omission.'" *Clarke v. Marriott International, Inc.*, 2012 WL 2285188, at *2 (D.V.I. June 18, 2012) (quoting *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 (3d Cir. 1999)).

In determining whether an extension should be granted based on excusable neglect, courts consider: (1) "the danger of prejudice to the [other party]"; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within the reasonable control of [the untimely party]"; and (4) "whether the [untimely party] acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Drippe v. Tobelinski*, 604 F.3d 778, 784-85 (3d Cir. 2010). Courts may also consider "the procedural circumstances surrounding the extension request and the repercussions of not granting relief." *Glasgow v. Veolia Water N. Am. Operating Service, LLC*, 2011 U.S. Dist. LEXIS 87292, *12 (D.V.I. Aug. 5, 2011). "The moving party carries the burden of demonstrating excusable neglect." *Clarke*, 2012 WL 2285188, at *2.

The danger of prejudice to Defendant Richardson from granting Plaintiffs' requested extension is minimal. Defendant Superior Court of the Virgin Islands had also filed a Motion to Dismiss to which the Plaintiffs filed a timely response. (Dkt. No. 47; *see also* Dkt. No. 50). Plaintiffs' counsel asserts that the issues in both of Defendants' motions to dismiss were "parallel . . . with limited exception." (Dkt. No. 75 at 5). Defendant Robinson received timely notice of the issues from Plaintiffs' response to the Superior Court's Motion to Dismiss, and joined the Superior Court's Reply to the Plaintiffs' response in December. (Dkt. No. 51). Tellingly, Defendant Robinson articulates no prejudice which might result from the requested extension in his Opposition Motion (Dkt. No. 73). The Court finds that the "prejudice" factor weighs in favor of finding excusable neglect.

The Court next examines the "length of delay" factor and its potential impact on judicial proceedings. Although the delay is substantial (180 days after filing was ordered), its significance is diminished as a result of the timely filing of Plaintiffs' Memorandum of Law in Response to Defendant Superior Court's Motion to Dismiss, Defendant Robinson's joining of the Superior Court's Reply thereto, (Dkt. No. 51), and the absence of any real impact on the judicial proceedings. Accordingly, the Court concludes that the "length of delay" factor weighs against finding excusable neglect.

Under the *Pioneer* excusable neglect factor regarding reason for delay, the Court examines whether Defendant exhibited "substantial diligence" and "professional competence," but notwithstanding such efforts, "the result of some minor neglect" caused the lack of compliance. *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 328 (3d Cir. 2012). The "oversight precipitated by the preparation and filing of multiple responsive pleadings in the same case" to which Plaintiffs' counsel ascribes her failure to file is a circumstance within her reasonable control.

3

(Dkt. No. 75 at 4). By her own admission, it was the carelessness of Plaintiffs' counsel which resulted in her failure to realize that her filings in this case were untimely and incomplete. (Dkt. No. 71 at 2). However, the Supreme Court has held that the excusable neglect standard encompasses "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 388. Thus, whether the failure to file on time was the result of Plaintiffs' counsel's carelessness, or the sudden and unexplained absence of contracted counsel, the proffered reasons for the delay satisfy the third element of the *Pioneer* test for excusable neglect. The Court concludes that delay was "the result of some minor neglect" and this factor weights in favor of finding excusable neglect. *See Ragguette*, 691 F.3d at 328.

Finally, it appears that Plaintiffs' counsel acted in good faith with regard to her untimely response. She contracted for, and received, the response in time to comply with the filing deadline. (Dkt. No. 75 at 3). She complied with other response deadlines around the same time that the response at issue was due, evidencing an intent to comply with deadlines set by the Court. Further, as Defendants' counsel explains in its Opposition, Plaintiffs' counsel has been active in the case since the Motion to Dismiss was first filed, exchanging filings with Defendants' counsel "on a number of other issues" in what Defendant characterizes as "almost constant activity." (Dkt. No. 73 at 2-3). The Court finds that sufficient evidence exists to establish Plaintiffs' counsel's good faith in this matter, and this factor weighs in favor of finding excusable neglect.

Despite the significant length of the delay, the Court finds that the balance of the *Pioneer* factors weigh in favor of finding excusable neglect. Plaintiff has shown good cause, and the lack of compliance appears to be the result of 'some minor neglect" which has caused little to no prejudice to Defendants. *See Ragguette*, 691 F.3d at 328. Therefore, the Court will grant Plaintiffs'

4

Motion for Extension of time and accept Plaintiffs' "Memorandum of Law in Response to Defendant Richardson's Motion to Dismiss.

**UPON CONSIDERATION** of the foregoing, and the entire record herein, it is hereby

**ORDERED** that Plaintiffs' "Motion for Extension of Time *Nunc Pro Tunc* to Respond to Defendant Richardson's Motion to Dismiss," is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' "Memorandum of Law in Response to Defendant Richardson's Motion to Dismiss" (Dkt. No. 72) is **ACCEPTED**.

**SO ORDERED.**

Date: April 3, 2017

_____/s/_____
WILMA A. LEWIS
Chief Judge