NOT FOR PUBLICATION

# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| JAMILA RUSSELL and LAURITZ THOMPSON III, | |
| Plaintiffs, | 1:15-cv-00049 |
| v. | |
| SUPERIOR COURT MARSHAL CHRISTOPHER RICHARDSON, IN HIS INIDIVIDUAL AND OFFICIAL CAPACITY; GOVERNMENT OF THE VIRGIN ISLANDS; and SUPERIOR COURT OF THE VIRGIN ISLANDS, | **MEMORANDUM OPINION** |
| Defendants. | |

THOMPSON, U.S.D.J.[1]

## BACKGROUND

This matter comes before the Court on multiple motions. Defendants Christopher Richardson ("Richardson"), Superior Court of the Virgin Islands ("Superior Court"), and Government of the Virgin Islands ("the Government") (collectively "Defendants") each filed motions to dismiss. (ECF Nos. 31, 32, 88). Plaintiffs oppose each motion. The Court held oral argument on the motions on May 3, 2017.

Plaintiffs allege the following. On July 11, 2013, Plaintiff Russell sought the assistance of the Marshals of the Superior Court to have her son, Plaintiff Thompson, be brought before a Superior Court Judge to enforce an Order of the Superior Court directing that Plaintiff Thompson follow the "reasonable rules" of Plaintiff Russell. Richardson and other marshals were dispatched to Plaintiffs' home to bring Plaintiff Thompson before the Superior Court. When Richardson and

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

the other marshals arrived at Plaintiffs' home, Plaintiff Thompson was "relaxing in his room, in his underwear and unarmed." Richardson shot Plaintiff Thompson as he was attempting to run past the Marshals. As a result of this incident, Plaintiff Thompson is now a quadriplegic who requires lifelong medical care and treatment.

Plaintiffs' Complaint contains eight counts: (1) 42 U.S.C. § 1983 claim against Defendant Richardson; (2) Negligence against Defendant Richardson; (3) Negligent Supervision/Training against the Superior Court; (4) Negligent Hiring and Retention against the Superior Court; (5) Vicarious Liability against the Superior Court; (6) Gross Negligence; (7) Intentional Infliction of Emotional Distress against Defendant Richardson; (8) Negligent Infliction of Emotional Distress against Defendant Richardson.[2]

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(1), a motion to dismiss "may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 Fed. Appx. 285, 287–88 (3d Cir.2008) (citing *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000)). A facial challenge "concerns 'an alleged pleading deficiency' whereas a factual [challenge] concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *CNA v. United States*, 535 F.3d 132, 139 (3d Cir.2008) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007) (alterations in original)). In considering a factual challenge, the court may "weigh and consider evidence outside the pleadings." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir.2014) (quoting *Gould Elecs., Inc.*, 220 F.3d at 176) (internal quotation marks omitted)).

---

[2] The Court notes that it appears Plaintiffs mistakenly designated both Counts III and IV as "Count III." (ECF No. 22, ¶¶ 32, 36).

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016). However, the court may disregard any conclusory legal allegations. *Fowler*, 578 F.3d at 203. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). If the complaint does not demonstrate more than a "mere possibility of misconduct," the complaint must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

In this case, each of the Defendants filed a motion to dismiss the Complaint. Because each motion advances a similar argument regarding the Virgin Islands Torts Claims Act, 33 V.I.C. § 3401, *et. seq.* ("VITCA") the Court will address these arguments first.

### I. VITCA

All three Defendants argue that this Court lacks subject matter jurisdiction over Plaintiffs' claims brought pursuant to the VITCA based on an alleged failure to comply with the Act's requirements. The VITCA requires that a Plaintiff file a claim, or a notice of intention to file a claim, against the government within ninety days after accrual of the claim. 33 V.I.C. § 3409(c). If

a notice of intention is filed, the claim itself must be filed within two years after accrual of the claim. *Id.* The claim must be served on the Office of the Governor and the Office of the Attorney General. 33 V.I.C. § 3410. The Virgin Islands Supreme Court has noted, "a substantial compliance with the statute is all that is required. If the [notice] is sufficiently definite to inform the officers of the state of the time and cause of claimant's injuries or damages, it should be upheld." *Brunn v. Dowdye*, 59 V.I. 899, 910 (V.I. 2013) (alteration in original) (citing *Pickering v. Gov't. of the V.I.*, 19 V.I. 271, 277 (D.V.I. 1982)).

In this case, the Court is persuaded that Plaintiffs have sufficiently complied with the VITCA with respect to the claims arising out of the allegedly negligent or intentional actions contained in Counts II and V–VIII. However, Plaintiffs did not allege facts or provide Defendants with notice of the claims for negligent hiring and retention or negligent supervision/training contained in Counts III and IV. In *Brunn*, the Virgin Islands Supreme Court was clear that potential Plaintiffs must at least refer to the allegedly negligent actions of the Government. *Brunn*, 59 V.I. at 911. Here, Plaintiffs failed to do so with respect to Counts III and IV, and therefore, the Court will dismiss these counts.

## II. Defendant Richardson's Motion to Dismiss

First, Richardson argues that he is immune from suit because employees of the Government of the Virgin Islands acting in their official capacity are not "persons" that are amenable to suit under 42 U.S.C. § 1983. *Brow v. Farrelly*, 944 F. 2d 1027, 1037 (3d Cir. 1993) (citing *Ngirangas v. Sanchez*, 495 U.S. 182, 192 (1985)). However, state or territorial officials acting in their individual capacity are amenable to suit under § 1983. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). In this case, Plaintiffs' § 1983 claim in Count I is brought against Defendant Richardson in his individual capacity, and therefore, this argument fails.

Second, Richardson argues that he is entitled to qualified immunity in his individual capacity. Qualified immunity "shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (quoting *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012)). To overcome this immunity, the Court must decide whether the facts alleged, taken in a light most favorable to the plaintiff, make out (1) a violation of a constitutional right; and 2) that the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

While the Court recognizes that a finding on qualified immunity should occur at the earliest point possible in the case, the Court is unable to make such a finding on the present factual record. Therefore, at this time, Defendant Richardson's motion on that basis is denied. However, Defendant Richardson may raise the defense on summary judgment when a fuller factual record has been developed.

Third, Richardson argues that he is absolutely immune for quasi-judicial actions taken within the scope of his employment. As stated on the record on May 3rd, the Court is not persuaded that quasi-judicial immunity applies to the alleged actions of Defendant Richardson.

### III. Defendant Superior Court's Motion to Dismiss

The Superior Court also argues that it is not amenable to suit under § 1983. However, in this case, Plaintiffs bring their claims against the Superior Court pursuant to the VITCA, not § 1983, so Defendant cannot prevail on this argument.[3]

---

[3] The Superior Court made an additional argument in its motion that that Plaintiff failed to effectuate proper service on it under Fed. R. Civ. P. 4. However, at oral argument, the Superior Court withdrew this argument and stated that it no longer contests personal jurisdiction.

## IV. Defendant the Government of the Virgin Islands' Motion to Dismiss

In its reply brief, the Government argued that, pursuant to 33 V.I.C. § 3408(b), it has not waived its immunity with respect to gross negligence. However, the Court may decline to consider arguments raised for the first time in a reply brief. *Charleswell v. Chase Manhattan Bank, N.A.*, 223 F.R.D. 371, 377 (D.V.I. 2004); *see also GE Capital Corp. v. Oncology Assocs. Of Ocean County*, 2011 WL 6179255 (D.N.J. Dec. 12, 2011) ("It is axiomatic in federal practice that arguments raised for the first time in a reply brief should be disregarded."). Plaintiffs have had no opportunity to respond to this argument, and therefore, the Court will not consider this argument in deciding this motion.

## **CONCLUSION**

Having considered all of the arguments of the parties, Defendant Richardson's motion will be denied, Defendant Government of the Virgin Islands' motion will be denied, and Defendant Superior Court's motion will be granted in part and denied in part. An appropriate order will follow.

Date: <u>May 16, 2017</u>              <u> /s/ Anne E. Thompson  </u>
                                        ANNE E. THOMPSON, U.S.D.J.