IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JAMILA RUSSELL and LAURITZ THOMPSON, III,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR COURT MARSHAL CHRISTOPHER RICHARDSON, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, GOVERNMENT OF THE VIRGIN ISLANDS and SUPERIOR COURT OF THE VIRGIN ISLANDS,<br><br>Defendants. | Civil No. 1:15-CV-00049<br><br>ACTION FOR DAMAGES<br><br><u>JURY TRIAL DEMANDED</u> |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION, CLARIFICATION OF ORDER
AND
FOR A MORE DEFINITE STATEMENT

**Comes Now**, the Superior Court of the Virgin Islands and Deputy Marshal Christopher Richardson and hereby move this Honorable Court pursuant to Rules 12(e), 59(e) and 60(a)FRCP's for reconsideration of its Order of May 16, 2017, for clarification of the Order and for an Order requiring Plaintiffs to file an amended pleading more fully detailing the facts that support Plaintiff Thompson's claims of violation of his Constitutional rights. In support thereof, Defendants herein state as follows:

        **I.**      **REQUEST FOR CLARIFICATION**

Initially, the Superior Court seeks clarification on the dismissal of Count III. In a footnote on page 24 of the Memorandum Opinion (ECF #115), the Court notes that the Plaintiff has

Case: 1:15-cv-00049-AET-RM Document #: 117 Filed: 05/23/17 Page 2 of 11

RUSSELL, et al. v. SUPERIOR COURT of the VI, et al.
1:15-CV-049
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION, CLARIFICATION OF ORDER
AND FOR A MORE DEFINITE STATEMENT
Page **2** of **11**

mistakenly designated both Counts III and IV in its First Amended Complaint as Count "III". Later in the second paragraph on page 4 of the Memorandum Opinion the Court indicates that it is dismissing "Counts III and IV". Based on the description of the claims being dismissed contained in that paragraph it appears that the dismissal is intended to encompass both of the claims designated as "Count III" but not the one designated as "Count IV". However, because the First Amended Complaint does in fact have two Counts designated as "III" followed by one designated as "IV" and the Memorandum Opinion does not specifically state that it is dismissing only the two Counts designated as "III", the Superior Court hereby request clarification as to whether the Court has dismissed both Counts designated as "Count III" as well as the Count designated as "Count IV" or just the two Counts designated as "III".

## II.     MOTION FOR A MORE DEFINITE STATEMENT

The Third Circuit has held that when a lack of factual specificity in the complaint prevents the Defendant from making a fact specific qualified immunity defense the "appropriate remedy is the granting of a defense motion for a more definite statement under Federal Rule 12(e)." *Thomas v. Independent Township*, 463 F.3d. 285, 289 (3rd Cir. 2006). Moreover;"[e]ven when a defendant does not formally move for a more definite statement, the district court has the discretion to demand more specific factual allegations in order to protect the substance of the qualified immunity defense and avoid subjecting government officials, who may be immune from suit, to needless discovery and the other burdens of litigation." *Id.* Beyond this however, if discovery is required, it should be limited in scope. *Id.*

*RUSSELL, et al. v. SUPERIOR COURT of the VI, et al.*
1:15-CV-049
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR RECONSIDERATION, CLARIFICATION OF ORDER**
**AND FOR A MORE DEFINITE STATEMENT**
Page **3** of **11**

In *Children First Found, Inc. v. Legreide*, 373 Fed. Appx. 156, 158, (3d Cir. 2010) the Third Circuit noted that: "[i]n *Thomas,* we emphasized that when a qualified immunity defense is raised, discovery should not proceed until the court evaluates whether the plaintiff has alleged the violation of clearly established rights. As the district court had failed to do this, we vacated its denial of Defendants' motion to dismiss on grounds of qualified immunity, and remanded so that the court could address the defense." (citations omitted).

According to the Court in *Legreide, "Thomas* reemphasized the line of cases holding that, if a defendant raises a qualified immunity defense, until the "'immunity question is resolved, discovery should not be allowed.'" *Id*. at 291 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). "Thus, '[u]nless the plaintiff's allegations state a claim of violation of clearly established law; a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.'" *Id*. (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985))". *Children First Found., Inc. v. Legreide,* 259 Fed. Appx. 444, 445 (3d Cir. 2007).

In the Court's Memorandum Opinion of May 16, 2017 the Court has denied Deputy Richardson's Motion to dismiss the Section 1983 action against him on the basis of qualified immunity because of an inadequate factual record. (*ECF #115 pg. 5).* Under the foregoing case law, the course of action most protective of the Defendants' immunity defense would be to Order Plaintiffs to submit a more definite statement and to hold discovery in abeyance until a determination on immunity can be made, or if necessary, limit the scope of discovery to only such areas that will aid in making such a determination. *Thomas at* 289.

Case: 1:15-cv-00049-AET-RM   Document #: 117   Filed: 05/23/17   Page 4 of 11

*RUSSELL, et al. v. SUPERIOR COURT of the VI, et al.*
*1:15-CV-049*
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR RECONSIDERATION, CLARIFICATION OF ORDER**
**AND FOR A MORE DEFINITE STATEMENT**
Page **4** of **11**

Accordingly, it is respectfully requested that this Honorable Court reconsider its order requiring general discovery to move forward and instead issue an order requiring a more definite statement and hold discovery in abeyance until such time as it can be determined whether limited discovery is needed to facilitate the evaluation of the Defendant's Claim for qualified immunity.

### III.  MOTION FOR RECONSIDERATION

Additionally, the Defendants request that the Court reconsiders its Order denying the dismissal of Count V "**Gross Negligence**", on the basis that it lacks subject matter jurisdiction over that count and finds that the Defendants are protected by sovereign immunity from suit and, in the event Count IV "**Vicarious Liability**", has not already been dismissed, that the Court also reconsider its decision thereon and dismiss that Count as well on the same basis.

**1. Gross Negligence**: In its Order, the Court denied the Government's Motion to Dismiss Count V, entitled "**Gross Negligence**", (*ECF* #22, pg. 9), because the GVI had only brought up the legal prohibition against awards for gross negligence under the Virgin Islands Tort Claim Act in its Reply brief.  However, because this ruling goes to the subject matter jurisdiction of the Court and implicates sovereign immunity, it should be addressed prior to proceeding any further in this matter.

The Government of the Virgin Islands, including the Superior Court, are cloaked with sovereign immunity pursuant to Federal law, (*Revised Organic Act of 1954* Section 2(b); 48 U.S.C. 1541,) See, *Ocasio v. Bryan,* 374 F.2d 11 (3d Cir. 1967).  Thus, to the extent it specifically has not been waived by Section 3408(b) of the Virgin Islands Code, with respect to claims for gross negligence, it goes to the Court's jurisdiction over the allegations thereof and

Case: 1:15-cv-00049-AET-RM   Document #: 117   Filed: 05/23/17   Page 5 of 11

*RUSSELL, et al. v. SUPERIOR COURT of the VI, et al.*
1:15-CV-049
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR RECONSIDERATION, CLARIFICATION OF ORDER**
**AND FOR A MORE DEFINITE STATEMENT**
Page **5** of **11**

presents a question of law which may be raised at any time, (Rule 12(h)(3) FRCP) and which must be resolved by the Court. See, i.e *Carswell v. Borough of Homestead*, 381 F. 3d 235, 242 (3rd Cir. 2004), cited in *Legreide*, 373 Fed. Appx at 159.*Larsen v. Senate of the Commonwealth*, 154 F.3d 82, 86-87, (3d Cir. 1998). Moreover, in spite of the general authority of the Court to decline to consider arguments raised for the "first time in a reply brief", the Court also has the discretion to address such an argument subject to Plaintiffs having the opportunity to respond. *Charleswell v. Chase Manhattan Bank, N.A.,* 223 F.R.D. 371, 377 citing <u>United States v. Medeiros,</u> <u>710 F. Supp. 106, 110 (M.D. Pa. 1989)</u>. (Memorandum Opinion, ECF# pg. 6), The exercise of the Court's discretion to hear this matter now is even more compelling given that it is well-settled that a state may raise the defense of sovereign immunity for the first time even on appeal. *See, Sosna v. Iowa*, 419 U.S. 393, 396 n.2, 42 L. Ed. 2d 532, 95 S. Ct. 553 (1975).

The question of sovereign immunity is an important one which impacts directly on this action. In *Rosa-Diaz* the Third Circuit noted that the District Court properly concluded that the state-law claims of the Plaintiff therein, namely negligence and intentional infliction of emotional distress; were barred by Pennsylvania's sovereign immunity statute. It further noted that, "….. employees of Commonwealth agencies acting within the scope of their duties enjoy immunity for their negligent acts…." and "from "intentional tort claims." *La Frankie v. Miklich*, 152 Pa. Commw. 163, 618 A.2d 1145, 1149 (Pa. Commw. Ct. 1992)." *Rosa-Diaz v. Dow*, 2017 U.S. App. LEXIS 5144, *8 (3d Cir. Pa. Mar. 23, 2017).

The United States is also cloaked with sovereign immunity and is immune from civil liability, "except in cases where it consents to be sued. See *United States v. Bormes*, 133 S. Ct. 12, 16, 184 L. Ed. 2d 317 (2012)." *Brooks v. Bledsoe*, 2017 U.S. App. LEXIS 4539, *4-5 (3d

Case: 1:15-cv-00049-AET-RM   Document #: 117   Filed: 05/23/17   Page 6 of 11

*RUSSELL, et al. v. SUPERIOR COURT of the VI, et al.*
1:15-CV-049
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION, CLARIFICATION OF ORDER
AND FOR A MORE DEFINITE STATEMENT
Page **6** of **11**

Cir. Pa. Mar. 15, 2017). As with the Virgin Islands, "[t]he FTCA provides a limited waiver of sovereign immunity as to the negligent acts of government employees acting within the scope of their employment. 28 U.S.C. §§ 2671-80. However, the waiver is subject to exceptions, such as the discretionary function exception, which provides that no liability shall lie for claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty . . . whether or not the discretion involved be abused." See 28 U.S.C. § 2680(a)." *Brooks v. Bledsoe*, 2017 U.S. App. LEXIS 4539, *4-5 (3d Cir. Pa. Mar. 15, 2017).

The waiver of sovereign immunity found in 33 V.I.C. Section 3408 is based on the Federal Tort Claim Act, *McBean v Gov.t of the V.I.*, 19 V.I. 383, 386 & n.1 (Terr. Ct. 1983) cited in *Brunn v. Dowdye,* 59 V.I. 899, 908 (Supreme Ct. 2013). Similarly to the FTCA, it limits the terms of its waiver and as such, excludes injuries caused by the alleged gross negligence of Government employees as a matter of law. *Durant v. Husband*, 28 F. 3d 12, 30 V.I. 409, (3d Cir. 1994).

Hence, because the Plaintiffs had an opportunity to respond to the defense at oral argument and can still do so at this time, the Court should consider whether it does, in fact, have jurisdiction over this claim and whether sovereign immunity is applicable before proceeding further in this matter.

The exercise of the Court's "discretion" in favor of deciding this issue at this juncture would be consistent with the clear Supreme Court directive that questions of immunity should be resolved at the earliest possible stage in litigation. *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed. 589 (1991), cited in *Thomas v. Independent Township*, 463 F.3d 285,291 (3d Cir. 2006).

Case: 1:15-cv-00049-AET-RM   Document #: 117   Filed: 05/23/17   Page 7 of 11

RUSSELL, et al. v. SUPERIOR COURT of the VI, et al.
1:15-CV-049
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION, CLARIFICATION OF ORDER
AND FOR A MORE DEFINITE STATEMENT
Page **7** of **11**

**2. Vicarious Liability:** In its Memorandum Opinion, the Court identified eight distinct Counts in the First Amended Complaint and characterized them as claims against either the Superior Court or Deputy Richardson. In that regard, Counts enumerated in the First Amended Complaint as; I, II, VI and VII, were determined to have been brought against Deputy Richardson. (*ECF* # 115 pg. 2). Count I, designated as a "42 USC Section 1983" Count, is brought against Deputy Richardson in his individual capacity, (*ECF* # 115 pg. 4). Counts VI and VII allege intentional tortious acts and Count II alleges the exercise of a "duty to exercise use of his duties as a Territorial Marshal reasonably and within law."

With respect to the alleged duty listed in Count II, Defendants are unaware of, and Plaintiffs have not cited to, any basis for such a duty or its application to Deputy Richardson. On this basis alone, Count II fails to state a claim for relief against Deputy Richardson, or the Superior Court, on the basis of vicarious liability.

With respect to Counts VI and VII, neither the Court nor the Government can be held vicariously liable for the alleged intentional acts of Deputy Richardson. In *Thomas v. Roberson*, 58 V.I. 662, 674, D.V.I. June 3, 2013) the Court stated:

> By limiting the waiver of its immunity from tort claims to harm "caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands *while acting within the scope of his office or employment*," 33 V.I.C. § 3408(a) (emphasis added), the Government of the Virgin Islands maintains its sovereign immunity — pursuant to 48 U.S.C. § 1541(b) — for harm caused by its employees who were *not* acting within the scope of their employment. In other words, "the Government [of the Virgin Islands] is held liable for the acts of its employees, *if, and only if*, the latter are acting within the scope of their employment." *Mathurin v. Gov't of V.I.*, 398 F. Supp. 110, 113, 12 V.I. 23 (D.V.I. 1975) (emphasis added).

Case: 1:15-cv-00049-AET-RM   Document #: 117   Filed: 05/23/17   Page 8 of 11

RUSSELL, et al. v. SUPERIOR COURT of the VI, et al.
1:15-CV-049
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION, CLARIFICATION OF ORDER
AND FOR A MORE DEFINITE STATEMENT
Page **8** of **11**

The determination of whether an employee acted within the scope of his employment under Virgin Islands law is made by looking to the Restatement of the Law of Agency. *Roberson*, at 674-675 citing *Anderson v. Gov't of V.I.*, 199 F. Supp. 2d 269, 275 (D.V.I. 2002); *Chase v. V.I. Port Auth.*, 3 F. Supp. 2d 641, 642, 38 V.I. 417 (D.V.I. 1998) and *Charles v. Mitchell*, 21 V.I. 478, 481 (D.V.I. 1985).

The *Restatement (Third) of Agency* (2006) § 7.07(1)-(2) provides in pertinent part:

> 1) An employer is subject to vicarious liability for a tort committed by its employee acting within the scope of employment.
>
> (2) An employee acts within the scope of employment when performing work assigned by the employer or engaging in a course of conduct subject to the employer's control. An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer.

*Roberson at* 675.

Moreover the allegations of intentional infliction of emotional distress (Count VI) and negligent intentional infliction of emotional distress[1] ( Count VII), are not within the gambit of the VITCA; neither are within the scope of the waiver. 33 VIC Section 3408(a). In addition thereto the Plaintiffs have failed to make out a cause of action for either of these Counts upon which any relief can be granted.

In *Int'l Islamic Cmty. of Masjid Baytulkhaliq v. United States*, 981 F. Supp. 352, 369-370, 37 V.I. 287, 314-315 (D.V.I. 1997) the District Court of the Virgin Islands discussed the criteria for making a claim for intentional and negligent infliction of emotional distress.

---

[1] Plaintiffs characterize this as negligent intentional infliction of emotional distress within the body of the Count in the sentence numbered "59".

Case: 1:15-cv-00049-AET-RM   Document #: 117   Filed: 05/23/17   Page 9 of 11

RUSSELL, et al. v. SUPERIOR COURT of the VI, et al.
1:15-CV-049
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION, CLARIFICATION OF ORDER
AND FOR A MORE DEFINITE STATEMENT
Page **9** of **11**

According to the Court "[a]n intentional infliction of emotional distress tort is committed when, "one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another . . . ." *Codrington v. Virgin Islands Port Auth.*, 33 V.I. 215, 911 F. Supp. 907 (D.V.I. 1996). The conduct must be extreme and outrageous. It is not enough that the defendant acted with tortious intent or even that he acted with malice. RESTATEMENT (SECOND) TORTS § 46(1), comment d (1965)." The Court emphasized that in support of such a claim, the Plaintiffs are required "to state how the emotional distress was caused, or what outrageous conduct caused it." *Id.*

Further, Plaintiffs are required to present facts showing that Deputy Richardson's conduct was outrageous. Unsubstantiated allegations and conclusions will not suffice. Plaintiffs must bring forth facts in support of, and set forth any specific damages which the defendants have caused, and how these damages were caused, by the unreasonable actions of the defendants. *Id.*

Similarly, Plaintiffs must meet the required elements for a claim of negligent infliction of emotional distress. Two elements are required to sustain a claim of negligent infliction of emotional distress. First, the negligent conduct must have placed the plaintiff in danger of his or her own safety. Second, the plaintiff must have suffered some physical harm as a result of the emotional distress. *Mingolla v. Minnesota Mining and Mfg. Co.*, 893 F. Supp. 499, 506 (D.V.I. 1995). *See also Lempert v. Singer*, 26 V.I. 326, 766 F. Supp. 1356 (D.V.I. 1995) (there can be no liability for negligent infliction of emotional distress absent any physical harm). *Id.*

Plaintiffs herein have failed to allege any physical harm as a result of the distress. Accordingly, per *Int'l Islamic Cmty. of Masjid Baytulkhaliq v. United States,* any claim for negligent infliction of emotional distress must be dismissed for failure to state a claim upon which relief may be granted. 981 F. Supp. 369-370.

Case: 1:15-cv-00049-AET-RM   Document #: 117   Filed: 05/23/17   Page 10 of 11

*RUSSELL, et al. v. SUPERIOR COURT of the VI, et al.*
**1:15-CV-049**
**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR RECONSIDERATION, CLARIFICATION OF ORDER**
**AND FOR A MORE DEFINITE STATEMENT**
Page **10** of **11**

Accordingly, the Superior Court and Deputy Richardson respectfully request this Honorable Court reconsider its ruling of May 16, 2017 as to the enumerated Counts IV and V entitled "Gross Negligence" and "Vicarious Liability" and dismiss Counts IV and V of the First Amended Complaint for the above stated reasons.

DATED: May 23, 2017                             **RESPECTFULLY SUBMITTED**,


/s/ Paul L. Gimenez_____
Paul L. Gimenez, Bar # 225
General Counsel
Judicial Branch of the Virgin Islands
5400 Veterans Drive
St. Thomas USVI,
Tel: 340-693-6420
Fax: 340-693-6458
paul.gimenez@visuperiorcourt.org
*Counsel for Defendants Richardson*
*and the Superior Court of the V.I.*

Case: 1:15-cv-00049-AET-RM   Document #: 117   Filed: 05/23/17   Page 11 of 11

*RUSSELL, et al. v. SUPERIOR COURT of the VI, et al.*
1:15-CV-049
MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION, CLARIFICATION OF ORDER
AND FOR A MORE DEFINITE STATEMENT
Page **11** of **11**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of May 2017, I caused a true and correct electronic copy of the foregoing to be electronically filed with the Clerk of the Court through the Court's CM/ECF system with service on the following Filing Users:

| | |
|---|---|
| Yvette D. Ross-Edwards, Esq.<br>*Counsel for Plaintiffs*<br>(53A) 429 King Street, Ste. 8<br>Frederiksted, U.S. Virgin islands 00840<br>Email: yveette@rossedwardspc.com<br>         maibel@rossedwardpc.com | Erika M. Scott, Esq.<br>V. I Department of Justice<br>*Counsel for Govt. of the VI*<br>6040 Castle Coakley<br>Christiansted, St. Croix 00820<br>Email: erika.scott@doj.vi.gov |
| Gordon C. Rhea, Esq.<br>1037 Chuck Dawley Blvd., Bldg. A<br>Mt. Pleasant, SC 29464<br>grhea@rpwb.com<br>Co- *Counsel for Plaintiffs* | Pamela Lynn Colon, Esq.<br>Law Offices of Pamela Lynn Colon, LLC<br>27 &28 King Cross Street; 1st Floor<br>Christiansted, St. Croix, VI 00820<br>Email: pamelalcolon@msn.com<br>*Special Assistant General Counsel*<br>*For Defendant Superior Court of the VI* |

/s/ **PAUL L. GIMENEZ**