NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| JAMILA RUSSELL and LAURITZ THOMPSON III,<br><br>Plaintiffs,<br><br>v.<br><br>SUPERIOR COURT MARSHAL CHRISTOPHER RICHARDSON, IN HIS INIDIVIDUAL AND OFFICIAL CAPACITY; GOVERNMENT OF THE VIRGIN ISLANDS; and SUPERIOR COURT OF THE VIRGIN ISLANDS,<br><br>Defendants. | Civ. No. 15-49<br><br>**MEMORANDUM OPINION & ORDER** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court on Defendants' Motion to Compel. (ECF Nos. 206, 207.) Defendants previously submitted a similar Motion to Compel (ECF Nos. 170, 171), which the Court administratively terminated on February 16, 2018 (*see* ECF No. 177). The Court has reviewed Defendants' submission and decides the pending Motion without oral argument, *see* Fed. R. Civ. P. 78(b). As set forth herein, the Court grants in part and denies in part the Motion.

## BACKGROUND

Plaintiffs allege the following. On July 11, 2013, Plaintiff Russell sought the assistance of the Marshals of the Superior Court to bring her son, Plaintiff Thompson, before a Superior Court Judge to enforce an Order of the Superior Court directing that Plaintiff Thompson follow her

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

"reasonable rules." Defendant Richardson and other marshals were dispatched to the home. When Defendant Richardson and the other marshals arrived, Plaintiff Thompson was "relaxing in his room, in his underwear and unarmed." Defendant Richardson shot Plaintiff Thompson as he was attempting to flee past the Marshals. As a result of this incident, Plaintiff Thompson is now a quadriplegic who requires lifelong medical care and treatment.

On July 5, 2017, the Court limited discovery to the issue of qualified immunity. (ECF No. 126). On February 16, 2018, the Court further clarified the scope of discoverable information. (ECF No. 177.) Defendants now assert that Plaintiffs continue to bar Defendants' access to relevant information—in particular, that Plaintiff Russell declined to answer questions at her deposition that she should now be compelled to answer.

## DISCUSSION

When engaged in discretionary functions, "qualified immunity shields government officials from civil liability as long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *McGreevy v. Stroup*, 413 F.3d 359, 364 (3d Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A court must first determine what right was violated, and, second, whether the right specifically defined was clearly established such that "every reasonable official would have understood that what he [was] doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). The Complaint here alleges excessive force (Compl. ¶¶ 13–14, ECF No. 1), in violation of the Fourth Amendment. Reasonableness is the touchstone of an excessive force analysis, and therefore discovery seeks to answer (1) what actions Defendant Richardson took and (2) whether those actions were reasonable.

Defendants seek to compel Plaintiff Russell to answer questions regarding: (1) her knowledge and suspicion regarding her son's use of, possession of, or access to a weapon; (2) her communication of that knowledge or suspicion to others prior to the incident on July 11, 2013; (3) Plaintiff Thompson's domicile at the time of the July 11th incident and, therefore, whether he was trespassing or in violation of a court order at the time of the incident; and (4) evidence she may have that identifies Defendant Richardson as the person who fired the shot which hit Plaintiff Thompson. Defendants assert these questions are relevant because they bear on the claim of excessive force, the reasonableness of Defendant Richardson's actions, and Plaintiff Russell's credibility.

The Court finds that statements Plaintiff Russell made to Superior Court officials regarding Plaintiff Thompson's access to, possession of, or use of a weapon are relevant and discoverable; however, her unreported knowledge or suspicions thereof are beyond the scope of discovery. Similarly, Plaintiff Thompson's domicile is only relevant insofar as Plaintiff Russell *communicated* information about the nature of his presence in her home to officials of the Superior Court or the responding Marshals. The Court reiterates that the key questions at this juncture focus on the reasonableness of Defendant Richardson's conduct. What Plaintiff Russell knew about her son is only relevant and discoverable to the extent she communicated any concerns and those concerns were relayed to Defendant Richardson and informed his actions on July 11, 2013. Plaintiff Russell's knowledge of and access to evidence about Defendant Richardson's conduct—including whether he fired the shot—are discoverable.

Therefore,

IT IS on this 12th day of April, 2018,

3

ORDERED that Defendants' Motion to Compel (ECF No. 206) is GRANTED IN PART and DENIED IN PART, as set forth herein.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.