NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| JAMILA RUSSELL and LAURITZ THOMPSON III, | |
| Plaintiffs, | Civ. No. 15-49 |
| v. | |
| SUPERIOR COURT MARSHAL CHRISTOPHER RICHARDSON, IN HIS INIDIVIDUAL AND OFFICIAL CAPACITY; GOVERNMENT OF THE VIRGIN ISLANDS; and SUPERIOR COURT OF THE VIRGIN ISLANDS, | **MEMORANDUM OPINION** |
| Defendants. | |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court on Defendants' Motion for Protective Order (ECF Nos. 214, 215) and Motion to Expedite Ruling on Motion to Quash Subpoenas and Protective Order (ECF Nos. 219–21). Plaintiffs oppose. (ECF No. 222.) Plaintiffs have also filed a new Motion to Compel (ECF No. 223) and Motion to Extend Discovery Deadlines (ECF No. 224). Defendants oppose. (ECF No. 226.) The Court has reviewed the submissions and decides the pending Motions without oral argument. *See* Fed. R. Civ. P. 78(b). As set forth herein, Defendants' Motions are denied and Plaintiffs' Motions are granted in part.

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

## BACKGROUND

Plaintiffs allege the following. On July 11, 2013, Plaintiff Russell sought the assistance of the Marshals of the Superior Court to bring her son, Plaintiff Thompson, before a Superior Court Judge to enforce an Order of the Superior Court directing that Plaintiff Thompson follow her "reasonable rules." Defendant Richardson and other marshals were dispatched to the home. When Defendant Richardson and the other marshals arrived, Plaintiff Thompson was "relaxing in his room, in his underwear and unarmed." Defendant Richardson shot Plaintiff Thompson as he was attempting to flee past the Marshals. As a result of this incident, Plaintiff Thompson is now a quadriplegic who requires lifelong medical care and treatment.

On July 5, 2017, the Court limited discovery to the issue of qualified immunity. (ECF No. 126). On February 16, 2018, the Court further clarified the scope of discoverable information, granting in part and denying in part Defendants' motion for protective order and administratively terminating Defendants' motion to compel. (ECF No. 177.) On April 5, 2018 Defendants filed a new motion to compel responses from Plaintiffs. (ECF Nos. 206, 207.) By Memorandum Opinion and Order on April 12, 2018, the Court granted that motion in part and denied it in part, again clarifying the scope of discovery. (ECF No. 210.) By order of this Court, fact discovery should be completed by April 25, 2018. (*See* ECF No. 196.)

On April 13, 2018, Defendants filed a new motion for protective order, seeking to prevent two depositions Plaintiffs had noticed for April 20, 2018. (ECF Nos. 214, 215.) Though Plaintiffs had yet to respond, six days later on April 19, 2018 Defendants filed a new motion seeking to expedite the court's ruling on their Motion for Protective Order. (ECF Nos. 219, 220; *see also* ECF No. 221.)[2] Plaintiffs filed opposition to the original Motion for Protective Order on

---

[2] The Court notes that Defendants' brief in support of this Motion did not elucidate reasons why the Court should expedite its review without giving Plaintiffs an opportunity to respond, but

2

April 20, 2018. (ECF No. 222.) On April 23, Plaintiffs filed two new motions. The first, a Motion to Compel, seeks from Defendants the contact information for witnesses whose depositions were previously noticed and scheduled, Glen Parris and Michael DeChabert, but who did not voluntarily appear for those depositions as Plaintiffs anticipated. (ECF No. 223.) The second, a Motion to Extend Discovery Deadlines, notes that the parties have agreed to schedule the depositions of Glen Parris, Michael DeChabert, and Wilbur Francis for May 18, 2018, which is outside the present fact discovery deadline; accordingly, Plaintiffs propose a new fact deposition deadline of May 31, 2018, and that all other deadlines be stayed until the immunity issue is resolved by the Court. (ECF No. 224.) The Court now considers the Motions.

## DISCUSSION

### I. Defendants' Motions

When engaged in discretionary functions, "qualified immunity shields government officials from civil liability as long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *McGreevy v. Stroup*, 413 F.3d 359, 364 (3d Cir. 2005) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). A court must first determine what right was violated, and, second, whether the right specifically defined was clearly established such that "every reasonable official would have understood that what he [was] doing violates that right." *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015). The Complaint here alleges excessive force (Compl. ¶¶ 13–14, ECF No. 1), in violation of the Fourth Amendment. Reasonableness is the touchstone of an excessive force analysis, and therefore

---

rather raised new arguments as to why the Court should quash the disputed subpoenas, duplicating and supplementing the brief filed in support of the Motion for Protective Order. (*Compare* Defs.' Br. in Support of Mot. Protective Order, ECF No. 215, *with* Defs.' Br. in Support of Mot. Expedite, ECF No. 220.)

discovery seeks to answer (1) what actions Defendant Richardson took and (2) whether those actions were reasonable.

Defendants seek to prevent Plaintiffs from deposing two individuals, Dino Herbert and Cureen Williams, from the Virgin Islands Police Department who reported to Plaintiff Russell's house on July 11, 2013 after shots were fired to investigate the incident. Defendants argue that neither of these individuals was previously noticed or subpoenaed prior to the Court's clarifying order dated February 16th and therefore they were "not authorized by the Court" and "prohibited by the Court," and therefore exceed the bounds of permissible discovery. (Defs.' Br. in Support of Mot. Protective Order at 2, ECF No. 215.)[3] Defendants also argue that these witnesses are irrelevant to the question of qualified immunity because their testimony will be based on an after-the-fact investigation and does not bear on what actions Defendant Richardson took and whether those actions were reasonable.

The Court finds that the testimony of these witnesses is permissible discovery. Though they lack personal knowledge of the events in question and the actions Defendant Richardson took, their contemporaneous investigation of the incident and ability to recall interviews they conducted may reveal critical information for Plaintiffs to establish their case. Plaintiffs should not be denied access to these witnesses based on Defendants' narrow reading of the Court's prior orders, which were intentionally phrased to be inclusive and not limiting. (*See* Mem. Op. at 4, ECF No. 177 ("Reports or statements by other officials—especially, but not limited to, those who were present during the events in question or involved in the dispatch of Defendant Richardson [are permissible]."); *id.* at 5 ("Fact discovery (including all depositions previously

---

[3] Defendants further assert that, to the extent these police officers will testify about statements they collected during their investigation, that testimony is necessarily hearsay. (*Id.* at 2–3.) The Court finds this immaterial at the discovery stage—though hearsay is not admissible, it is discoverable as it may lead to other relevant and admissible evidence. Fed. R. Civ. P. 26(b)(1).

4

scheduled or noticed) shall be completed by March 26, 2018[.]").) At no point did the Court limit fact discovery to the individuals already noticed by Plaintiffs, and the Court now expressly permits Plaintiffs to depose Dino Herbert and Cureen Williams. However, the Court cautions that, unless being offered as expert witnesses, these witnesses should be questioned exclusively about their own observations and information they gathered regarding this incident, and not their opinions on the appropriate use of force.

## II. Plaintiffs' Motions

Plaintiffs move to compel Defendants to provide contact information for the territorial marshal witnesses named in discovery. The Court understands from Plaintiffs' moving brief that, when the depositions of Michael DeChabert and Glen Parris were originally scheduled for September 2017, Defendants agreed to voluntarily produce these witnesses. (*See* Pls.' Br. at 2, ECF No. 223.) However, since the Court's February 16th Order excluded the Superior Court from having to answer certain discovery inquiries, Defendants assumed this extended to their obligations to produce witnesses. (*See id.* at 2; *see also* Defs.' Br. in Opp'n at 2, ECF No. 226 (describing this series of events as a mutual misunderstanding).) The Court's Order excluded only "all written discovery directed at the Superior Court," but did not pertain to the question of producing witnesses for depositions. (*See* Mem. Op. at 4.) Defendants' alternative proposal that Plaintiffs be required to serve these witnesses at their work stations is an insufficient compromise. Plaintiffs' Motion to Compel is granted. The Court now directs Defendants to either agree, in writing, to produce these witnesses on the date of their depositions or provide their contact information, including home addresses, to Plaintiffs by May 4, 2018.

Turning, finally, to the question of scheduling going forward, the Court understands that the parties have mutually agreed to conduct two depositions on May 18, 2018, and the Court now

permits Plaintiffs to schedule the depositions of Dino Herbert and Cureen Williams. There appears to be some dispute about whether Deputy Wilbur Francis was mutually scheduled for May 18, 2018. (*See* Defs.' Br. in Opp'n at 2–3.) The Court believes that deposition is also permissible and grants Plaintiffs' request to extend fact discovery to May 31, 2018 to encompass all five deponents mentioned in this Opinion. However, neither party may seek additional depositions beyond those already scheduled and/or identified herein without leave of Court, and the Court cautions the parties against future discovery extension requests.

Further, the Court will not indefinitely stay the remaining deadlines as Plaintiffs suggest in their Motion to Extend Discovery. Defendants respond that the Court should enlarge the time for expert witness disclosures to May 19, 2018 and the time for rebuttal reports to June 5, 2018. The Court understands that the parties wish to resolve the qualified immunity issue and have an opportunity to re-open discovery if the case will continue beyond that hurdle. The accompanying Order sets out a deadline for the remaining discovery on qualified immunity and for submitting any motions related to qualified immunity, as well as a corresponding briefing schedule. Plaintiffs' Motion to Extend Discovery is therefore granted in part.

## CONCLUSION

For the reasons stated herein, Defendants' Motions are denied and Plaintiffs' Motions are granted in part. An appropriate order will follow.

Date: 4/26/18

ANNE E. THOMPSON, U.S.D.J.