NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| JAMILA RUSSELL and LAURITZ THOMPSON III, <br><br> Plaintiffs, <br><br> v. <br><br> SUPERIOR COURT MARSHAL CHRISTOPHER RICHARDSON, IN HIS INIDIVIDUAL AND OFFICIAL CAPACITY; GOVERNMENT OF THE VIRGIN ISLANDS; and SUPERIOR COURT OF THE VIRGIN ISLANDS, <br><br> Defendants. | Civ. No. 15-49 <br><br> **MEMORANDUM OPINION AND ORDER** |

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Relief from Judgment (ECF No. 238), which Defendants oppose (ECF No. 240). The Court has reviewed the parties' submissions and now decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b). As set forth herein, Plaintiffs' Motion is denied.

## BACKGROUND

As the parties are familiar with the facts of this case, the Court reprises a brief procedural history. On July 5, 2017, the Court limited discovery to the issue of qualified immunity. (ECF No. 126.) On February 16, 2018, the Court further clarified the scope of discoverable information, granting in part and denying in part Defendants' motion for protective order and administratively terminating Defendants' motion to compel. (ECF No. 177.) In that Memorandum Opinion and

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Order, the Court denied without prejudice "[a]ll written discovery directed at the Superior Court" because it did "not sufficiently bear on the reasonableness of Defendant Richardson's conduct during the events described in the Complaint[.]" (Mem. Op. at 4, ECF No. 177.)

After multiple extensions and discovery disputes (*see, e.g.*, ECF Nos. 125, 126, 177, 210, 230, 231), fact discovery on the issue of qualified immunity closed in this matter on May 31, 2018. Before that deadline had passed, on May 25, 2018, Plaintiffs filed the instant Motion seeking limited relief from the Court's earlier determination regarding discovery directed at the Superior Court. (*See* Pls.' Mot. at 2–3, ECF No. 238.)

## DISCUSSION

Plaintiffs' legal argument arises under the residuary clause of Federal Rule of Civil Procedure 60(b)—a motion for relief from a judgment based on "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6). (Pl.'s Mot. at 1, ECF No. 238.) A motion under Rule 60 requires a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b); *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004) (holding that "Rule 60(b) applies only to final judgments and orders" and defining a final judgment/order as "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (citations omitted)). Such a motion must be made "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and the "movant must show extraordinary and special circumstances justifying relief under Rule 60(b)(6)," *Lucan Corp. v. Robert L. Merwin & Co.*, 2008 WL 901492, at *2 (V.I. Jan. 7, 2008) (citing *Page v. Schweiker*, 786 F.2d 150, 158 (3d Cir. 1986)); *see also Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1345–47 (3d Cir. 1987).

As a threshold matter, the Court must determine whether Plaintiffs have filed a proper motion. Though neither party has flagged this procedural irregularity, Rule 60 appears to be inapplicable in this situation, given that Plaintiffs seek relief from a discovery order, issued without

2

prejudice, and not a final judgment or order. *See, e.g., Khan v. Dell Inc.*, 2013 WL 1792525, at *3 (D.N.J. Apr. 26, 2013) ("Orders regarding discovery do not fall within the ambit of a final judgment/order."). Rule 60 is an improper procedural vehicle for the relief Plaintiffs seek.

In the alternative, Plaintiffs' Motion could be viewed as an untimely motion for reconsideration.[2] Under Local Civil Rule 7.3, a motion for reconsideration must be filed within fourteen (14) days after the entry of the order or decision the party is asking the court to reconsider, unless extended by the court for good cause shown. Plaintiffs' untimely Motion was filed more than three months after the entry of the February 16th Memorandum Opinion and Order. The question thus becomes whether Plaintiff has shown good cause for this delay in moving for reconsideration, and, if so, whether Plaintiff meets the reconsideration standard.

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.3, a motion for reconsideration may be based on one of three grounds: (1) an intervening change in controlling law; (2) availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). "Such motions are not substitutes for appeals, and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Cabrita Point Dev., Inc. v. Evans*, 2009 WL 3245202, at *2 (D.V.I. Sept. 30, 2009) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733 (D.V.I. 2004)). Rather, reconsideration is an "extraordinary" remedy. *Bostic*, 312 F. Supp. 2d at 733.

Plaintiffs' moving papers suggest (1) that Plaintiffs are seeking specific documents from the Superior Court based on new revelations by Defendants and other witnesses during depositions, and

---

[2] "[T]he function of the motion, not the caption, dictates which rule applies." *Lucan Corp.*, 2008 WL 901492, at *2 (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)).

3

(2) the Court must revise its prior discovery order to correct manifest injustice and require the Superior Court to turn over these documents. More precisely, Plaintiffs seek whatever order(s) and/or warrant(s) were issued by a Superior Court Judge to pick up Lauritz Thompson in 2013 because "[w]hether there was actually a warrant or pick-up order for Thompson may bear upon the reasonableness of Marshal Richardson's conduct if he acted beyond the scope of or without a court order." (Pls.' Mot. at 2.) Defendants respond that (1) Plaintiffs' counsel is in as good a position, if not better, to obtain these documents because she also represented Mr. Thompson in the underlying PINS matter and therefore can view all documents of record in that Family Division file; (2) Plaintiffs inaccurately represent that the existence of such an order is new information, as Defendants have consistently argued since 2015 that Deputy Richardson was acting in conformity with a valid court order; and (3) Plaintiffs have not demonstrated exceptional circumstances or manifest injustice sufficient to grant reconsideration or relief. (*See, e.g.*, Defs.' Br. at 4, ECF No. 240.) Based on Defendants' representations, the Court finds that Plaintiffs have not shown sufficient good cause for seeking reconsideration at this juncture.

Therefore, given that fact discovery has now ended; that Plaintiffs appear to have an independent avenue to access the information they seek; that this motion was improperly filed under Rule 60 and/or untimely filed as a motion for reconsideration without sufficient good cause shown; and as set forth in the foregoing Memorandum Opinion,

IT IS, on this 5th day of June, 2018,

ORDERED that Plaintiffs' Motion for Relief (ECF No. 238) is DENIED.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

4