NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

JAMILA RUSSELL and LAURITZ
THOMPSON III,

    Plaintiffs,

v.

SUPERIOR COURT MARSHAL
CHRISTOPHER RICHARDSON, in his
individual and official capacity,
GOVERNMENT of the VIRGIN
ISLANDS, and SUPERIOR COURT of the
VIRGIN ISLANDS,

    Defendants.

Civ. No. 15-49

OPINION

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court on the Motion to Certify Controlling Question of Law to the Virgin Islands Supreme Court ("Motion to Certify") (ECF No. 264) and the Renewed Motion to Stay Discovery (ECF No. 284) brought by both Defendant Christopher Richardson ("Defendant Richardson") and Defendant Superior Court of the Virgin Islands ("Defendant Superior Court") (collectively, "Defendants"). The Court has decided the Motions on the written submissions of the parties and without oral argument pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the following reasons, both Defendants' Renewed Motion to Stay Discovery and Defendants' Motion to Certify are denied.

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

## BACKGROUND

This civil rights case, filed on July 9, 2015, arises from the shooting of an unarmed fifteen-year-old boy, Plaintiff Lauritz Thompson, by Defendant Richardson, Deputy Marshal for the Superior Court of the Virgin Islands. The facts pertinent and necessary for the disposition of the Motions currently before this Court are as follows.

On May 16, 2017, the Court granted in part and denied in part Defendants' Motion to Dismiss ("Motion to Dismiss Opinion"). (Mot. to Dismiss Op., ECF No. 115.) Of import here, the Court concluded that (1) Defendant Richardson is not entitled to qualified immunity; (2) Defendant Richardson is not entitled to quasi-judicial immunity; and (3) Defendant Superior Court is subject to suit under the Virgin Islands Torts Claim Act (the "VITCA"), 33 V.I.C. § 3401, *et seq.* (Mot. to Dismiss Op. at 4–5.) Defendants appealed the Motion to Dismiss Opinion to the Third Circuit on June 5, 2017. (ECF No. 119.) While the appeal was pending, the parties conducted limited discovery concerning whether Defendants are entitled to any of the various forms of immunity. The Third Circuit issued its opinion on November 7, 2018, and affirmed this Court's decision denying immunity to Defendants in all respects except one: this Court had declined to entertain whether waiver under the VITCA applied if an injury is caused by gross negligence because Defendants did not raise this argument until their reply brief, but the Third Circuit found that the waiver of sovereign immunity is jurisdictional and thus may not be waived, so the gross negligence claim should have been dismissed. (ECF No. 270.)

On August 13, 2018, the Court denied Defendants' Motion for Summary Judgment ("Summary Judgment Opinion"). (ECF No. 262.) Of import here, the Court concluded that (1) Defendant Richardson is not entitled to qualified immunity (*id.* at 17–20); (2) Defendant Richardson is not entitled to quasi-judicial immunity (*id.* at 15–17); (3) Defendant Superior

2

Court is not entitled to sovereign immunity under the VITCA (*id.* at 20–22); and (4) Defendant Superior Court is not entitled to qualified immunity (*id.* at 23).

On August 31, 2018, Defendants filed the instant Motion to Certify. (ECF No. 264.) Defendants request that the Court certify two questions related to the VITCA.[2] On September 7, 2018, seven days after filing the Motion to Certify, Defendants appealed the Summary Judgment Opinion to the Third Circuit. (ECF No. 265.)

On November 14, 2018, the Court held an in-person status conference with the parties. (ECF No. 273.) During that conference, as subsequently memorialized in an order, the Court ordered that the parties file papers detailing their positions regarding whether discovery may proceed while Defendants' appeal of the Summary Judgment Opinion is pending. (ECF No. 275.) The parties filed papers detailing their positions on November 28, 2018. (ECF Nos. 277–79.) On November 30, 2018, the Court held a telephonic status conference with the parties to discuss their recently filed papers. (ECF No. 280.) As stated orally in those proceedings and subsequently memorialized in an order, the Court ordered that the parties will proceed with discovery while Defendants' appeal of the Court's Summary Judgment Opinion is pending. (ECF No. 281.) The Court also denied Defendants' Oral Motion to Stay the Court's Scheduling Order made during those proceedings. (*Id.*) On December 6, 2018, Defendants filed the instant Renewed Motion to Stay Discovery. (ECF No. 284.)

---

[2] More specifically, Defendants pose: (1) "Whether in the light of its decisions in *Brunn v. Dowdye*[,] 59 V.I. 899, [910–11 (2013)] and *Cruz v. Fleming*[,] 62 V.I. 702, 718 (2015) the Notice of Intent filed by the Plaintiffs in this matter is in substantial compliance with the requirements of the [VITCA]" (Mot. to Certify at 5); and (2) "Whether the requirement for filing a claim under the [VITCA] has been met in this action and whether a trial court is authorized under the [VITCA] to [*s*]*ua* [*s*]*ponte* treat an unverified Complaint as a claim without a prior 33 [V.I.C.] Section 3409(b) application made within two years after the accrual of the action" (*id.* at 7).

3

## DISCUSSION

### I. Renewed Motion to Stay Discovery

Defendants "request that the Court reconsider" the denial of Defendants' oral motion to stay discovery made during the November 30, 2018 telephonic status conference. (Defs.' Renewed Mot. at 1, ECF No. 284.) Although Defendants title this filing a "Renewed Motion," the Court construes this request as a motion for reconsideration. *See Wiest v. Lynch*, 710 F.3d 121, 127 (3d Cir. 2013) (noting the prevalence of courts construing requests as motions for reconsideration); *see also Mathis v. Christian Heating & Air Conditioning, Inc.*, 91 F. Supp. 3d 651, 655–56 (E.D. Pa. 2015) (construing request as motion to reconsider because "plaintiff's Motion actually seeks reconsideration").

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), a motion for reconsideration must be based on one of three grounds: (1) an intervening change in controlling law, (2) new evidence not previously available, or (3) a clear error of law or manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Generally, a motion for reconsideration is intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Reconsideration is an extraordinary remedy that is granted very sparingly." *Brackett v. Ashcroft*, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted); *see also* L. Civ. R. 7.1(i), cmt. 6(d). A motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). Mere disagreement with a court's decision should be raised

through the appellate process and is thus inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

In their Renewed Motion to Stay Discovery, Defendants reiterate many of the same arguments advanced during the November 30, 2018 status conference, with the exception of including some citations to case law here. (*See, e.g.*, Defs.' Renewed Mot. at 2–3 (arguing that because Defendants' appeal "is potentially dispositive of the entire action, the filing of that notice of appeal automatically and completely divested this Court of jurisdiction and its authority to issue the discovery order"); *id.* at 3 (arguing that "[t]his divestiture of jurisdiction is particularly compelling the circumstances where immunity has been claimed").) Defendants' citations, however, identify cases that favor staying discovery where immunity issues are undecided at the motion-to-dismiss stage. (*See, e.g.*, *id.* at 4 (citing *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006)).) As the Court noted in the November 30, 2018 status conference, the Court previously held that Defendants were not entitled to immunity both at the motion-to-dismiss stage—which the Third Circuit affirmed—and at the summary-judgment stage after the parties conducted limited discovery. Defendants "simply repeat[] the . . . arguments previously analyzed by the court . . . [and have] filed the motion merely to disagree with or relitigate the court's initial decision." *Hanover Architectural Serv., P.A. v. Christian Testimony-Morris, N.P.*, 2015 U.S. Dist. LEXIS 94916, at *3 (D.N.J. July 21, 2015). Because Defendants do not identify (1) an intervening change in controlling law, (2) new evidence not previously available, or (3) a clear error of law or manifest injustice, *N. River Ins. Co.*, 52 F.3d at 1218, Defendants' Renewed Motion to Stay Discovery fails.

## II. Motion to Certify Controlling Question of Law

Defendants seek input from the Virgin Islands Supreme Court on "important questions of Virgin Islands law regarding its waiver of sovereign immunity under the [VITCA]." (Defs.' Mot. to Certify at 1, ECF No. 264.) However, Defendants have not identified any local civil rule—neither from the District of the Virgin Islands nor the District of New Jersey—that permits this Court to certify a question of law to the Virgin Islands Supreme Court. Defendants instead gather a patchwork of court rules derived from three different judicial bodies.

Defendants first point to the procedure for certifying a question of law to the highest court of a state from the U.S. Court of Appeals for the Third Circuit. Defendants identify Rule 110 of the Local Appellate Rules 110 ("LAR 110"), adopted by the Third Circuit:

> When the procedures of the highest court of a state provide for certification to that court by a federal court of questions arising under the laws of that state which will control the outcome of a case pending in the federal court, this court . . . may certify such a question to the state court in accordance with the procedures of that court . . . .

Defendants then contend that this Court is authorized to adopt LAR 110 pursuant to Rule 83(b) of the Federal Rules of Civil Procedure.[3] Rule 83(b) "grants the district courts the power to 'adopt and amend rules governing its practice,' and the Supreme Court of the United States has recognized the inherent power of the courts to take appropriate action to secure the just and prompt disposition of cases." *Wilson v. Iron Tiger Logistics, Inc.*, 628 F. App'x 832, 834 n.2 (3d Cir. 2015) (internal citations omitted). "Rule 83(b) allows courts discretion to manage cases when the rules are silent on an issue in any manner not inconsistent with the Federal Rules of Civil Procedure or statute. 'The manner and enforcement of such regulations rests in the court's

---

[3] "A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules." Fed. R. Civ. P. 83(b).

6

sound discretion and will not be interfered with by an appellate tribunal in the absence of a showing of arbitrariness or fundamental unfairness.'" *Id.* (quoting *In re United Corp.*, 283 F.2d 593, 596 (3d Cir. 1960)).

If this Court were to adopt LAR 110 pursuant to Rule 83(b) and thus allow a motion to certify to proceed, Defendants finally argue that the Virgin Islands Supreme Court would be receptive to the certification. Defendants identify Rule 38 of the Virgin Islands Rules of Appellate Procedure ("VIRAP 38"),[4] which allows the

> Supreme Court of the Virgin Islands [to] answer questions of law certified to it by a court of the United States . . . if there is involved in any proceeding before the certifying court a question of law which may be determinative of the cause then pending in the certifying court and concerning which it appears there is no controlling precedent in the decision of the Supreme Court.

Defendants do not identify any other instance where a district court in this Circuit has cleared this type of procedural hurdle in order to certify a question of law to the highest court of a state or territory.

Even assuming, however, that Defendants present a viable procedural mosaic—which the Court does not hold is so—Defendants fail to satisfy the requirements under VIRAP 38, which is fatal under LAR 110. *See* LAR 110 (allowing certification only "in accordance with the procedures of [that state's highest] court"). VIRAP 38 requires that the question of law be "pending in the certifying court," but no question of law is currently before the Court. Defendants filed this Motion to Certify only *after* the Court issued its Motion to Dismiss Opinion and its Summary Judgment Opinion. Indeed, "numerous federal court[s] of appeals have held that certification by a federal district court is not appropriate after the district court has already

---

[4] In their Motion to Certify, Defendants label this rule as "Rule 38 of the Virgin Islands Supreme Court Rules." (*See, e.g.*, Defs.' Mot. to Certify at 8.)

7

resolved the issue by predicting how the pertinent court of last resort would rule." *See Hall v. Hall*, 2018 V.I. Sup. LEXIS 5, at *5 (Apr. 18, 2018) (declining certification under VIRAP 38 where the question of law "could have been certified at a significantly earlier stage of the litigation, before the District Court issued a prediction of Virgin Islands law"). Defendants' Motion to Certify seems unlikely to "save time, energy, and resources"—the underlying purpose of certification. *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 973 (2011) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)).

The Court also questions whether "no controlling precedent"—a requirement for certification under VIRAP 38—exists on the issues on which Defendants request guidance. Indeed, Defendants themselves identify numerous cases decided by the Virgin Islands Supreme Court that are instructive. (*See* Defs.' Mot. to Certify at 2 (citing *Albert*, *Brunn*, and *Cruz*).) It seems more likely that Defendants merely disagree with the Court's Summary Judgment Opinion and simply seek a second opinion. For example, Defendants contend that

> the *Albert v. Abramson's Enterprises, Inc.*, 790 F.2d 380, [383] (3d Cir. 1986) opinion relied on by the Court in support of its [Summary Judgment Opinion] is distinguishable on its face from the instant action and appears to be at odds with the decisions of the Virgin Islands Supreme Court in *Brunn v. Dowdye*[,] 59 V.I. 899, [910–11 (2013)] and *Cruz v. Fleming*[,] 62 V.I. 702, 718 (2015) as well as with several recent decisions by Virgin Islands courts regarding the VITCA.

(*See, e.g.*, Defs.' Mot. to Certify at 2.) Because of the Court's foregoing concerns, coupled with the fact that "[a] decision to certify an order for appellate review is soundly within the discretion of the trial judge," *Chitolie v. Bank of Nova Scotia*, 62 V.I. 85, 89 (Super. Ct. 2014) (citing *In re Le Blanc*, 49 V.I. 508 (2008)), the Court denies Defendants' Motion to Certify.

8

## CONCLUSION

For the reasons stated herein, Defendants' Renewed Motion to Stay Discovery and Defendants' Motion to Certify are both denied. An appropriate order will follow.

Date: 12/12/18

ANNE E. THOMPSON, U.S.D.J.